CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

60 S. Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5081
neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO PELAYO-GONZALEZ,<br><br>Defendant. | Case No. 26-CR-00048 EKL<br><br>STIPULATION AND PROTECTIVE ORDER [~~PROPOSED~~] |

With the agreement of the parties, the Court enters the following Protective Order:

The defendant is charged with 21 U.S.C. § 841(a)(1) and (b)(1)(A) - Distribution of Fentanyl Analogue. The government has agreed to provide certain materials that the defendant has requested. The materials are sensitive in nature, thus warrant restricted access at this time.

The sensitive discovery to be provided includes materials that may contain personal identifying information of an individual, which may include a person's name, date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, criminal histories, or place of residence ("Protected Information").

The government has identified discovery materials as Protected Information by marking such

materials “CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER” (“PROTECTED MATERIALS”) or by providing written notice identifying discovery materials as Protected Information. The government will produce these materials via USAfx.

Except when actively being examined for the purpose of the preparation of the defense of the defendant in the above-captioned case, the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel and those allowed access to the PROTECTED MATERIALS. Such persons shall not permit any other person access of any kind to the PROTECTED MATERIALS except as set forth herein.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT FURTHER ORDERED** that only the following individuals may examine the PROTECTED MATERIALS, the materials marked as “CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER” for the sole purpose of preparing the defense in this case and for no other purpose:

a) counsel for the defendant;

b) members of defense counsel’s law office who are assisting with the preparation of defendant’s defense;

c) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection may obtain copies of the PROTECTED MATERIALS so long as they secure them pursuant to the requirements of this Protective Order);

d) “contracted individuals,” who are individuals contracted by the defense to assist in this matter, including paralegals and attorneys. The parties agree that “contracted individuals” shall be limited to professionals contracted to assist defense counsel in the defense of this matter, and shall not include any individual with a prior relationship that does not fall within the parameters of legal representation (such as, for example, a social relationship, or a community organizer relationship, as opposed to a relationship based on legal representation) with any defendant or any gang member or associate; and

e) no sooner than 30 days prior to commencement of trial, the defendant, but only in the

presence of defense counsel or another authorized person listed in this paragraph (under no circumstances may defendants take or maintain outside the presence of defense counsel or such other authorized person listed in this paragraph the PROTECTED MATERIALS or copies thereof).

The individuals listed above who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

If defense counsel determines that additional persons are needed to review the PROTECTED MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

A copy of this Protective Order shall be maintained with the PROTECTED MATERIALS at all times. This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing the PROTECTED MATERIALS (including any copies) within 30 days if the defendant consents to such destruction, or retain the PROTECTED MATERIALS and ensure that the PROTECTED MATERIALS will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of

any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED**

CRAIG H. MISSAKIAN
United States Attorney

Dated: 8/25/26

/s/ Neal Hong
NEAL C. HONG
Assistant United States Attorney

/s/ Peter Leeming
PETER LEEMING
Counsel for Defendant

IT IS SO ORDERED.

Dated: August 31, 2026

HON. SUSAN VAN KEULEN
United States Magistrate Judge

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| **SIGNATURE** | **DATE** |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |